UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

JAMEL ALLEN,

                        Petitioner,

    -against-                                  1:05-CV-0635
                                                              (LEK)

UNITED STATES OF AMERICA,

                        Respondent.

_____

**ORDER**

Currently before the Court is a Petition for Habeas Corpus brought by Jamel Allen ("Petitioner" or "Allen") pursuant to 28 U.S.C. § 2255. Section 2255 motion (Dkt. No. 1). For the following reasons, the petition is denied and dismissed.

**I.    Background.**

On January 27, 2003, Petitioner pled guilty before this Court to conspiracy to possess with intent to distribute and to distribute more than fifty grams of crack cocaine in violation of 21 U.S.C. §§ 841 and 846. <u>See</u> 01-CR-362, Dkt. No. 10. Petitioner entered into a Plea and Cooperation Agreement in which he admitted that between the dates of July 1999 and May 2001, he conspired with another individual to distribute more than fifty grams of crack cocaine in the Northern District of New York in violation of 21 U.S.C. § 841. <u>See</u> 01-CR-362, Dkt. No. 11. Additionally, in the plea agreement Petitioner agreed to waive his right to appeal or collaterally attack any sentence of 135 months or less. <u>See</u> <u>Id.</u> at ¶ 12. On May 11, 2004, at Petitioner's sentencing, this Court stated that "[t]he Probation Officer and the Court have found the base offense level to be 32, the total offense level is 31, the criminal history category is IV and the guideline imprisonment range is 151 to 188 months." <u>See</u> 01-CR-362, Dkt. No. 36. However,

this Court found that Petitioner's criminal history category substantially overrepresented the seriousness of Petitioner's criminal history by one category and, accordingly, sentenced Petitioner to imprisonment for a term of 135 months. Id. On May 24, 2005, Petitioner filed the Section 2255 motion currently before this Court. Dkt. No. 1. The Government filed a response on September 15, 2005. See 01-CR-363, Dkt. No. 37.

**II.    Discussion.**

Petitioner advances several constitutional deprivation claims in his motion. First, he asserts that his sentencing enhancements were improper in light of the Supreme Court's holding in Booker v. United States and its progeny. Dkt. No. 1 at 6. Second, he argues that his plea of guilty was "unintelligently signed." Dkt. No. 1 at 8. Third, he claims ineffective assistance of counsel, alleging that his attorney failed to argue and failed to inform Petitioner of numerous defenses to the charges against him. Dkt. No. 11 at 2. These possible defenses include the argument that crack cocaine is unscheduled, and therefore not a controlled substance, and that the sentencing clauses involving "crack cocaine" and "cocaine base" are constitutionally vague and therefore unconstitutional. Id.

    **A.    Sentencing Enhancements in Light of Booker.**

Petitioner first asserts that his sentencing enhancements were improper in light of the Supreme Court's holding in Booker v. United States, 543 U.S. 220 (2005). Dkt. No. 1 at 6. Booker "held that the [Federal Sentencing] Guidelines violated the Sixth Amendment to the extent that they allowed the maximum sentence authorized by a guilty plea or a verdict to be increased based on findings of fact (other than the fact of a prior conviction) made by the judge . . . ." Guzman v. United States, 404 F.3d 139, 141 (2d Cir. 2005) (citing Booker, 543 U.S. at 243-44). It has been decided, however, that the Supreme Court's decision in Booker "does not apply retroactively to cases on collateral review . . . ." Guzman, 404 F.3d at 140 (holding that the new

rule announced in Booker did not apply retroactively because it was neither a substantive rule, nor a procedural "watershed rule 'implicating the fundamental fairness and accuracy of the criminal proceeding'"). Id. at 142-43 (quoting Schriro v. Summerlin, 542 U.S. 348, 352 (2004)). Here, Petitioner was sentenced months before the Supreme Court rendered its decision in Booker and cannot, therefore, assert a claim relying on Booker's holding.

### B. Knowing, Voluntary, and Intelligent Entry of Guilty Plea.

Petitioner also claims that his plea of guilty was "unintelligently signed." Dkt. No. 1 at 8. Pleading guilty is a waiver of constitutional protections and, therefore, requires an affirmative showing that the guilty plea was entered knowingly, voluntarily, and intelligently by Petitioner. See Boykin v. Alabama, 395 U.S. 238, 243 (1969). Here, Petitioner offers nothing to support his bare allegation. To the contrary, the record is replete with evidence indicating that Petitioner knowingly, voluntarily, and intelligently entered his guilty plea. See 01-CR-362, Dkt. No. 35 at 4-6. At the plea hearing, this Court asked Petitioner if there was anything that would affect his ability to understand the charges and consequences of the proceeding. Id. at 5. The Court further asked Petitioner if anyone had made any threats or promises in order to illicit his guilty plea. Id. at 10. Petitioner answered both questions in the negative. Id. at 5, 10. Additionally, the Court asked Petitioner if he understood the charges against him and, if so, if he still wished to plead guilty to those charges. Id. at 6, 9. Petitioner answered both questions in the affirmative. Id. Based on the uncontroverted evidence in the record, the Court finds that Petitioner knowingly, voluntarily, and intelligently entered his plea of guilty. Boykin, 395 U.S. at 243-44 (holding that courts must be careful to ensure that the accused "has a full understanding of what the plea connotes and of its consequences").

### C. Ineffective Assistance of Counsel.

Lastly, Petitioner claims that his attorney violated his constitutional right to effective

assistance of counsel by failing to argue and inform Petitioner of two possible defenses. Dkt. No. 11 at 2. Petitioner then proceeds to argue the legal merit of the following arguments: 1) that crack cocaine is unscheduled, and therefore not a controlled substance, and 2) that the sentencing clauses involving "crack cocaine" and "cocaine base" are constitutionally vague and therefore unconstitutional. Dkt. No. 11 at 2. Although Petitioner waived his right to file a collateral attack, his ineffective assistance claim is not procedurally barred because it implicates the validity of the process by which Petitioner waived that right. Frederick v. Warden, Lewisburg Correctional Facility, 308 F.3d 192, 195-96 (2d Cir. 2002).

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that the deficiency caused actual prejudice to his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A counsel's performance is not deficient unless the advice was not "within the range of competence demanded" of criminal attorneys. Id. The proper "inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id. at 688. Additionally, there is a strong presumption in favor of the reasonableness of counsel's performance. Id.

Petitioner's asserted defenses which challenge the statutory semantic soundness of the terms "crack cocaine" and "cocaine base" have already been settled in this jurisdiction. See United States v. Montoya, 87 F.3d 621 (2d Cir. 1996) (holding that, at the very least, "crack cocaine" is covered by the term "cocaine base," so a conviction for distribution of crack could not be overturned based on an inapplicable statutory ambiguity). Therefore, because there is no merit to Petitioner's arguments, the Court holds that Petitioner's counsel neither deficiently performed his responsibilities as a criminal attorney, nor actually prejudiced Petitioner in his defense.

### III.     Conclusion.

Based on the foregoing, Petitioner's Section 2255 motion is dismissed in its entirety.

**WHEREFORE**, it is hereby

**ORDERED**, that Petitioner's Section 2255 motion (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties by certified mail.

**IT IS SO ORDERED**.

Dated:      April 19, 2006
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge